UNITED STATES, Appellee,

v.

Specialist Gerald BURDINE, 312–78–9586, United States Army, Appellant.

UNITED STATES, Appellee,

v.

Specialist Thedford SLIGH, 219–84–8891, United States Army, Appellant.

UNITED STATES, Appellee,

v.

Sergeant First Class Ernest HARRIS, Jr., 420–74–5916, United States Army, Appellant.

ACMR 8800562, ACMR 8901139 and ACMR 8702187.

U.S. Army Court of Military Review.

29 Nov. 1989.

For Appellant in ACMR 8800562: Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC (on brief).

For Appellee in ACMR 8800562: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC (on brief).

For Appellant in ACMR 8901139: Captain Keith W. Sickendick, JAGC, Captain Cynthia G. Wright, JAGC (on brief).

For Appellee in ACMR 8901139: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Gary L. Hausken, JAGC (on brief).

For Appellant in ACMR 8702187: Lieutenant Colonel Russell S. Estey, JAGC,

Captain Brian D. DiGiacomo, JAGC (on brief).

For Appellee in ACMR 8702187: Major Kathryn F. Forrester, JAGC, Captain John J. Hogan, JAGC (on brief).

Before MYERS, JOHNSON and NEURAUTER, Appellate Military Judges.

## OPINION OF THE COURT ON MOTION TO STAY ORDERS

MYERS, Senior Judge:

On 20 September, 27 September, and 28 September 1989, respectively, this court issued orders directing appellate government counsel to obtain affidavits from trial defense counsel in the above-captioned cases in response to personally-asserted allegations of the appellants, pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982), of ineffective assistance of trial defense counsel. On 10 October 1989 an in-chambers hearing was held at the request of appellate government counsel whereat they requested a stay of our said orders and reconsideration thereof. Counsel for both sides presented arguments on the propriety of our methods of resolving these issues.

Briefly stated, government contends that appellant should do more than merely state that counsel was ineffective. Appellant should specify in exactly what manner trial defense counsel was ineffective and in what manner appellant was prejudiced thereby. The government urges that appellant be offered the opportunity to present his allegations in affidavit form and that if appellant declines to do so, that fact may be considered by this court in resolving the issue. Defense, on the other hand, contends that under *Grostefon* appellant need do no more than articulate his assertions in whatever manner he chooses and that he should not be expected to submit an affidavit, thereby subjecting himself to possible charges of perjury. At the conclusion of the hearing, government counsel were granted the opportunity to submit a motion to stay our said orders and brief issues to be specified by us for the

purpose of reconsidering our orders. Government counsel did file such a motion on 12 October 1989, recommending issues to be specified by us to them for briefing. Defense did not respond to said motion.

In *Grostefon* the Court of Military Appeals (court) enunciated the now-familiar rule:

Henceforth, ... when the accused specifies error in his request for appellate representation or in some other form, the appellate defense counsel will, at a minimum, invite the attention of the Court of Military Review to those issues and, in its decision, the Court of Military Review will, at a minimum, acknowledge that it has considered those issues enumerated by the accused and its disposition of them.

*Id.* at 436. The court went on to require that, after adverse decision of the Court of Military Review, appellate defense counsel will so advise the accused and ascertain whether the accused wishes to petition the court on those issues.

Unless the accused consents to withdrawal or abandonment of the issues before this Court, appellate defense counsel will, in the petition for review, identify the issues ... [I]n no case will the issues submitted by the accused be ignored without evidence of the accused's concurrence in that decision.

*Id.* at 437.

The court has been careful to emphasize, however, that

... the requirement placed on appellate defense counsel is only that he identify those issues which his client wishes to have raised on appeal. The extent of his argument in support of the various issues is a matter of the attorney's sound professional judgment.... *Grostefon* still leaves a lawyer considerable leeway to emphasize the points of law which, in his professional judgment, are the most meritorious.

*United States v. Arroyo,* 17 M.J. 224, 226–227 (C.M.A.1984). *See also United States v. Williams,* 22 M.J. 584 (A.C.M.R.1986).

What was the court's rationale in creating this highly unusual appellate procedure?

> ... [T]he purpose of our holding in *Grostefon* was to assure that an accused had the opportunity to bring to the attention of the appellate court any issue he wished to have considered with respect to the findings and sentence, as finally approved by the convening authority.... Thereby, we have sought to guarantee that no accused would be left with the belief that his lawyer had not raised an issue which he wished to have considered. Imposition of this requirement was viewed as especially important in military justice, because the defense counsel at both the trial and appellate levels usually are military officers, and an accused whose issues have not been raised on appeal might conclude that the omission was the result of command influence.

*United States v. Healy,* 26 M.J. 394, 397 (C.M.A.1988).

Having established what the court expects of appellate defense counsel and this court and why, we must then determine exactly what appellant must do to trigger that responsibility. The court's own language in creating this requirement, "in his request for appellate representation *or in some other form,*" leaves little doubt that the court was not particularly concerned with the technical form of appellant's assertions. *Grostefon,* 12 M.J. at 436 (emphasis added). Thus, while clemency materials may not be admissible in a Court of Military Review under the *Grostefon* criteria, *Healy,* 26 M.J. at 397, a fifty-five page document submitted by accused's mother and signed by her on accused's behalf and at his request, has been held admissible as a proper *Grostefon* submission. *United States v. Peel,* 29 M.J. 235 (C.M.A.1989). However, some reasonable rules of practice, such as timeliness of submissions, may be imposed at the discretion of the appellate courts. *United States v. Mitchell,* 20

M.J. 350 (C.M.A.1985); *Williams,* 22 M.J. at 587.

With particular regard to allegations of ineffective assistance of counsel, the court expressed its concerns in *United States v. McGillis,* 27 M.J. 462 (C.M.A.1988) as follows:

> Accused frequently submit for appellate review the allegation that they have been ineffectively assisted at trial by defense counsel. However, unless such claims are investigated below or briefs are filed by both sides, we have no means for determining if they amount to "good cause shown," thereby entitling appellant to a review of his case by this Court.

*Id.* at 462 (citation omitted).

Allegations of ineffective assistance of counsel are distinct from most other allegations in that they are not always susceptible of resolution by review of the record of trial. Obviously, if trial defense counsel failed to call certain witnesses, failed to present a certain issue or argument, or failed to introduce a certain piece of evidence, those issues cannot be resolved from the trial record since there is nothing in the record about them. Thus, unresolved allegations of ineffective assistance of counsel leave the court with three basic dilemmas:

1.  Are the allegations true?
2.  If so, did trial defense counsel's performance meet minimum standards?
3.  If not, could such performance have affected the verdict of the trial court?

*Id.* Rather than merely speculate on those questions, the court deems it "appropriate for the court below to resolve these matters initially ... [by] ... further proceedings, as deemed appropriate, to determine if appellant's allegations are true, and, if so, if he is entitled to any relief." *Id.* at 463. That mandate is accomplished by this court pursuant to our unique fact-finding powers under Article 66, UCMJ, 10 U.S.C. § 866.[1]

Customarily, this court has directed appellate government counsel to obtain an affidavit from trial defense counsel disclos-

---

1.  "Article 66, UCMJ, 10 U.S.C. § 866 gives powers to a Court of Military Review that are unparalleled among civilian appellate tribunals."

*United States v. Baker,* 28 M.J. 121, 122 (C.M.A. 1989).

ing his trial strategy and his rationale for doing what he did. Concern has properly been expressed by defense counsel, however, on their duty to disclose as opposed to their duty of confidentiality to their clients. Dep't of Army Pamphlet 27–26, Legal Services: Rules for Professional Conduct for Lawyers, Rule 1.6(c) (31 Dec.1987) [hereinafter Army Rules] provides in pertinent part:

> A lawyer may reveal [information relating to representation of a client] to the extent the lawyer reasonably believes necessary to ... respond to allegations in any proceedings concerning the lawyers' representation of the client.

*See also United States v. Dupas,* 14 M.J. 28 (C.M.A.1982) ("When [an allegation of ineffective assistance of counsel] occurs, the attorney-client privilege is waived, *United States v. Allen,* 8 U.S.C.M.A. 504, 508, 25 C.M.R. 8, 12 (1957), but only as to matters reasonably related to that claim.... The attorney is not free to volunteer information that does not concern the issue of ineffective assistance of counsel."); *United States v. Zuis,* 49 C.M.R. 150 (A.C.M.R.1957); DA Pam. 27–26, Commentary on Army Rule 1.6, at page 10. *Accord, United States v. Devitt,* 20 M.J. 240 (C.M.A.1985).

■ In summary, the court in *Grostefon* and its progeny has clearly articulated its intent that an accused may personally raise any issues he desires to be considered on appeal, whether or not previously raised, in any manner he chooses. When he does so, his appellate defense counsel, although retaining the discretion to assert those points which he, in his professional judgment, deems most meritorious, must, at a minimum, call this court's attention to such personally asserted matters. This court must then specifically acknowledge its consideration of those issues and announce its disposition thereof. If this court deems any of those allegations meritorious, it will specify appropriate issues to be briefed by appellate counsel or take other appropriate action, such as ordering affidavits or a hearing in accordance with *United States v. DuBay,* 37 C.M.R. 411 (C.M.A.1967). In

effectuating this process, this court may impose reasonable rules of practice.

■ With those guidelines in mind, in the future, whenever an appellant alleges ineffective assistance of trial defense counsel, it will be the duty of appellate defense counsel to ascertain from appellant, with as much specificity as possible, the exact manner in which trial defense counsel was ineffective, and if more than one trial defense counsel was involved, which counsel was ineffective in what manner. Appellate defense counsel shall then afford appellant the opportunity to make his assertions in the form of an affidavit and, if that be appellant's wish, assist him in doing so, pointing out to appellant that he is not required to submit an affidavit but doing so may add credence to his allegations. Finally, appellate defense counsel shall advise appellant that such allegations relieve his trial defense counsel of the latter's duty of confidentiality to the extent of the allegations.

Upon receipt of this information, appellate government counsel will contact the trial defense counsel and secure in affidavit form the latter's response to appellant's allegations. Upon receipt thereof, appellate government counsel may, in addition to any other issues, brief those issues, giving appellate defense counsel the opportunity to respond thereto. If further information or proceedings are required, this court will so direct. If, despite the best efforts of counsel, the accused refuses or otherwise fails to be sufficiently specific, this court will have no alternative but to resolve the matter from the record before it.

We deem it a reasonable rule of practice to expect appellant to be specific in his complaints. Trial defense counsel have a right to know exactly what they must respond to in explaining their actions without running the risk of disclosing otherwise confidential information. Appellate government counsel have a right to know what specifically they must respond to in deciding how to frame the government's position for presentation to this court. Although we understand and appreciate the dilemma in which appellate defense counsel

find themselves when such allegations are made, it nevertheless behooves appellate defense counsel to make all reasonable efforts to assist appellants in presenting their claims in such a manner as to resolve their concerns as fully and as fairly to all parties as possible. This may also serve to forestall any subsequent claims of ineffective assistance of appellate defense counsel.

The motions to stay our orders herein and to reconsider the same are denied. We hold that the allegations of ineffective assistance of counsel in above-captioned cases are sufficiently specific to enable appellate government counsel and trial defense counsel to respond thereto. Appellate government counsel are therefore ordered to comply with our said orders forthwith. Response dates specified in our orders will be computed from the date of filing of this opinion.

Judge JOHNSON and Judge NEURAUTER concur.