**972**

UNITED STATES, Appellee,

v.

Specialist Christopher G. RIOS,
571–08–7861, United States
Army, Appellant.

ACMR 8900174.

U.S. Army Court of Military Review.

12 Jan. 1990.

For Appellant: Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC, Captain Paula C. Juba, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Maria C. Fernandez, JAGC, Captain Clay E. Donnigan, JAGC (on brief).

Before FOREMAN, SMITH, and VARO, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A special court-martial composed of officers and enlisted members convicted the appellant, contrary to his pleas, of violating a general regulation by possessing a switchblade knife, possession of phendimetrazine, larceny of military property, carrying a concealed weapon, absence without leave for one day, and disrespect to a noncommissioned officer, in violation of Articles 92, 112a, 121, 134, 86 and 91, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, 921, 934, 886, and 891 (1982 and Supp. I 1983). His approved sentence provides for a bad-conduct discharge, confinement for six months, forfeiture of $466.00 pay per month for six months, and reduction to Private E1.

The appellant contends that the military judge erred by giving incomplete instructions on the element of "knowing possession" regarding the allegation of wrongful possession of phendimetrazine. The military judge instructed the court members that, "An accused may not be convicted of possession if the accused did not know that the substance was present under his control." However, he failed to instruct them that, "Possession ... is not wrongful if [it is] ... without knowledge of the contraband nature of the substance." Dep't of Army, Pam. 27–9, Military Judges' Benchbook, para. 3–76.1b (C1, 15 Feb.1985). The omission was error. *United States v. Mance,* 26 M.J. 244 (C.M.A.1988), *cert. denied,* — U.S. ——, 109 S.Ct. 367, 102 L.Ed.2d 356 (1988).

We are not satisfied beyond a reasonable doubt that the error was harmless. The appellant possessed the two phendimetrazine pills along with two caffeine pills. Phendimetrazine is not specifically listed in Schedule III of 21 U.S.C. § 812 (1982), but is a derivative salt of phenmetrazine, a listed substance. The trial counsel had considerable difficulty producing evidence that phendimetrazine is a contraband drug. The name of this obscure drug is misspelled on the charge sheet and throughout the record. We are not satisfied beyond a reasonable doubt that properly instructed court members would have found that the appellant knew that the pills in his pocket were contraband.

The appellant also contends that the military judge erred by failing to dismiss Charge I and its Specification (possession of a switchblade knife) as multiplicious for findings with Charge IV and its Specification (carrying a concealed weapon). The military judge ruled that the offenses were separately chargeable, since it is possible to possess a contraband weapon without concealing it and possible to unlawfully conceal an otherwise lawful weapon. We agree and hold that this assignment of error is without merit.

Pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), the appellant asserts that his trial defense counsel "misrepresented" him and "did not do a good job." On 1 December 1989, this court ordered counsel for the appellant to comply with *United States v. Burdine,* 29 M.J. 834 (A.C.M.R.1989). Appellant's counsel have prepared and dispatched an affidavit to the appellant and have been in communication with him. The appellant received the affidavit but has not returned it. This court doubts the seriousness of appellant's assertion. On the basis of the entire record and the lack of response from the appellant, we find that his assertion is without merit.

We have examined the remaining assignments of error raised personally by the appellant and find that they are without merit.

The findings of guilty of Charge II and its Specification (wrongful possession of phendimetrazine) are set aside. Charge II and its Specification are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for six months, forfeiture of $250.00 pay per month for six months, and reduction to Private E1.