**UNITED STATES, Appellee,**

v.

**Private First Class Clement MILLER,
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, United States Army,
Appellant.**

**ACMR 9003145.**

U.S. Army Court of Military Review.

27 Dec. 1991.

For Appellant: Captain Robin N. Swope, JAGC, Captain Michael W. Meier, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Major Joseph C. Swetnam, JAGC, Captain Donna L. Barlett, JAGC (on brief).

Before De GIULIO, HAESSIG and ARKOW, Appellate Military Judges.

OPINION OF THE COURT

ARKOW, Judge:

A general court-martial composed of officer members convicted appellant of two specifications of larceny and two specifications of housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 930 (1982) [hereinafter UCMJ]. He was sentenced to a dishonorable discharge, confinement for nine years, total forfeitures, and reduction to Private E1. The convening authority approved the adjudged sentence.

Appellant alleges that a court member was not sworn prior to participating in the proceeding, thereby rendering the court-martial a nullity. We find this claim to be without merit.

At the session of the court-martial at which the members were sworn, trial counsel noted that the members were present, but named only nine of the ten members. The members were then sworn. In response to appellant's allegation, government counsel secured affidavits from the member and the trial counsel which indicate the member, who was the President of the court, was sworn and present for the entire proceeding. Further, the member's presence is apparent from the record, i.e., he answered questions on voir dire, he asked questions of witnesses, and announced the findings and sentence of the court. We are satisfied that the member was sworn and the court-martial was properly constituted.

Appellant also contends the evidence is legally and factually insufficient to support a finding of guilty to one specification of larceny and one specification of housebreaking. We disagree.

The assertion of insufficiency is based on the members' consideration of an allegedly uncorroborated extrajudicial confession. At trial, there was neither a motion to suppress appellant's confession nor an objection to its admission. Defense counsel did, however, attempt to show the confession was coerced through the cross-exami-

nation of the agent who took the statement and through appellant's testimony on the merits. He argued this position to the members, and the military judge gave the standard instruction on voluntariness of confessions, which advised the members to consider "the nature of any corroborating evidence" when deciding on the weight and significance to be given to the confession.[1] See Dep't of Army, Pam. 27–9, Military Judges' Benchbook, para. 4–2 (1 May 1982).

Military Rule of Evidence 304(d)(2) requires the defense to object or move to suppress statements made by an accused prior to the submission of a plea. The rule specifically provides that a failure to move or object constitutes a waiver of any objection. Of course, the waiver rule only applies to the admission of the confession into evidence. *See United States v. Melvin*, 26 M.J. 145, 147 (C.M.A.1988).

Once admitted into evidence, however, the "amount and type of evidence introduced as corroboration is a factor to be considered by the trier of fact in determining the weight, if any, to be given to the admission or confession." Mil.R.Evid. 304(g)(1). Accordingly, we must consider the legal and factual sufficiency of the evidence to determine whether the conviction can be affirmed. We find the evidence is sufficient and affirm.

In August of 1991, the Womack and Stansberry quarters on Leinbach Avenue,[2] Fort Ord, were entered through unlocked doors. A substantial amount of jewelry was taken from each. Items from both thefts were pawned at the same pawn shop near Fort Ord. Evidence adduced at trial indicated that there were similarities between the thefts. Appellant was seen in the Womack quarters by Womack's young child. This information led to appellant being questioned by Special Agent Carton of the local Criminal Investigation Command (CID) office at Fort Ord.

After being advised of and waiving his rights under Article 31, UCMJ, 10 U.S.C.

§ 831, appellant provided a detailed account of how he entered family quarters on Fort Ord and stole numerous articles of jewelry from each of them. He provided a detailed account of where the jewelry was kept, what he took, and how he pawned most of it and discarded some of it because of identifying marks. At trial he claimed that his confession was partially false. He testified that he immediately confessed to the Womack offenses and was coerced into falsely confessing to the larceny and housebreaking at the Stansberry quarters.[3]

The evidence clearly supports appellant's conviction on the Stansberry offenses. Aside from appellant's confession, Stansberry testified that someone entered his quarters without permission while the family was away, and stole numerous items of jewelry which were never returned. His testimony provided a detailed accounting of what was taken and its value. He indicated there was no forced entry and that he did not give appellant permission to enter the quarters. His testimony established all the elements of the offenses except the identity of the perpetrator and the requisite intent required to prove the offenses. The Court of Military Appeals has held that when there is a confession, the government is not required to independently prove the identity of the perpetrator. *United States v. Yates*, 24 M.J. 114 (C.M.A.), *cert. denied*, 484 U.S. 852, 108 S.Ct. 154, 98 L.Ed.2d 109 (1987). The similarities in both crimes, including the method of gaining entry, the nature of items taken, and the details as to the location of the items taken from the Stansberry quarters provide additional linkage that makes appellant's confession reliable.

■ Based on the above, we find the evidence of record is legally sufficient, and hold that a reasonable fact finder, viewing the evidence in a light most favorable to the government, could have found all the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virgi-*

---

1. The government did present sufficient evidence to conclude the confession was voluntary.

2. Appellant also lived on Leinbach Avenue.

3. Appellant pleaded guilty to the Womack offenses and not guilty to the Stansberry offenses.

*nia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[4]

We have tested the record for factual sufficiency. After weighing the evidence of record and making allowances for not having observed the witnesses, we are convinced of appellant's guilt beyond a reasonable doubt. *See* UCMJ art. 66(c), 10 U.S.C. § 866(c). *United States v. Turner,* 25 M.J. 324 (C.M.A.1987). Implicit in our holding is the finding that appellant's testimony denying the commission of the offenses and that he falsely confessed to Special Agent Carton is not worthy of belief.

We have also considered the errors personally asserted by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge De GIULIO and Judge HAESSIG concur.

---

4. Although we considered the issue of corroboration waived we are convinced there was sufficient corroboration warranting admission of the confession into evidence.