UNITED STATES, Appellee,

v.

Bethro L. TYLER, Sergeant
U.S. Army, Appellant.

No. 66,646/AR.

CM 9002005.

U.S. Court of Military Appeals.

Argued March 3, 1992.

Decided June 22, 1992.

For Appellant: *Eleanor Barnes* (argued); *Captain Robert L. Carey.*

For Appellee: *Captain Sheila E. McDonald* (argued); *Colonel Dayton M. Cramer, Lieutenant Colonel Daniel J. Dell'Orto, Major Kenneth T. Grant, Captain Samuel J. Smith Jr.* (on brief).

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer and enlisted members convicted appellant of breaking restriction, in accordance with his pleas; and, contrary to his pleas, of rape and sodomy of a child, in violation of Articles 134, 120, and 125, Uniform Code of Military Justice, 10 USC §§ 934, 920, and 925, respectively. The adjudged and approved sentence provides for a dishonorable discharge, total forfeitures, confinement for 30 years, and reduction to E1. The case was submitted to the Court of Military Review with no assignments of error, and that court affirmed the findings and sentence without opinion on April 25, 1991.

We granted review of the following issue:

WHETHER MILITARY APPELLATE DEFENSE COUNSEL VIOLATED APPELLANT'S SIXTH AND FOUR-

TEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION BY FAILING TO FILE A BRIEF BEFORE THE COURT OF MILITARY REVIEW.

Appellant contends that his appellate counsel was ineffective because she failed to raise issues before the Court of Military Review that appellant wanted raised, *i.e.,* sufficiency of the evidence and competence of his trial defense counsel. We need not determine whether appellate counsel met the test for effective representation set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because our decision in *United States v. Grostefon,* 12 M.J. 431 (CMA 1982), requires appellate counsel to call the attention of this Court or the court below to all issues asserted by an appellant regardless of their merit. We hold that, with respect to appellant's assertion that the evidence is insufficient to prove his guilt, appellant was denied the benefits of Articles 66 and 70, UCMJ, 10 USC §§ 866 and 870, respectively, as applied in our *Grostefon* decision. With respect to his complaints about the performance of his trial defense counsel, we lack sufficient evidence to decide the issue. *United States v. McGillis,* 27 M.J. 462 (CMA 1988).

According to appellant's affidavit and a copy of his letter to one of his appellate defense counsel, Captain (CPT) O, which were submitted to this Court (Defense Appellate Exhibits 1 and 3 * ), appellant told CPT O that he was innocent, that the evidence against him was contradictory, and that his trial defense counsel had not raised important issues. Appellant further asserts that CPT O told him "that she had read [his] record of trial," but "did'nt [sic] see anything wrong with it." According to appellant, he informed CPT O of the issues which his trial defense counsel had failed to assert at the court-martial, and CPT O responded by telling him that he "could write [his] own BRIEF because she was'nt [sic] going to write one for me." Appellant told "her to forget about me writing my own

BRIEF," and sought civilian representation. Appellant has submitted what appears to be a copy of CPT O's case file notes. (Defense Appellate Exhibits 4 and 4A *.) They include CPT O's notations, "not sure about sufficiency of evidence" and "ineffectiveness Grostefon"; CPT O's advice, "need affidavit w/specific issue"; and appellant's response, "he said forget it—go ahead & file."

The Government does not dispute the factual accuracy of the appellate exhibits presented by appellant, but it argues that they fail to support appellant's contention. The Government argues that the appellate exhibits establish that appellant and CPT O discussed the sufficiency of the evidence and the performance of trial defense counsel, and that CPT O, with the consent of appellant, decided not to submit those issues to the Court of Military Review. Thereafter, CPT O submitted appellant's case to that court on its merits, without briefing any specific assignments of error.

Before this Court a *pro bono* civilian attorney raised three issues, including the granted issue. She cited the contradictory evidence in the case and pointed out trial defense counsel's deficiencies.

In *United States v. Grostefon,* 12 M.J. 431 (CMA 1982), we prescribed the following procedures to safeguard an appellant's right to effective appellate representation:

Appellate defense counsel has the obligation to assign all arguable issues, but he is not required to raise issues that, in his professional opinion, are frivolous. But he is, after all, an advocate, and if he errs, it should be on the side of raising the issue. There can be little harm in this practice since the Court of Military Review has the mandatory responsibility to read the entire record and independently arrive at a decision that the findings and sentence are correct in law and fact. Hence, raising an issue that counsel does not think is meritorious would, at worst, signal the Court of Military Review to consider the record in light of

* We granted a motion to admit these documents

on December 5, 1991.

that issue. If the accused urges an issue which appellate counsel believes would be counter-effective to the accused's case, they should so inform the accused and seek to have him withdraw it. If he refuses, they may still ethically list the issue for consideration of the appellate court without further briefing. In considering the relative viability of issues, the spectrum runs from clearly reversible error at the one end to purely frivolous at the other. Many, if not all, the errors urged by the accused with the assistance of his trial defense counsel fall in between. Thus, the proper procedure for appellate defense counsel, after consultation with the accused, is to identify the issue to the appellate court and to supply such briefs and argument as he feels will best advance his client's interest.... However, we do not believe that appellate defense counsel can ignore the issues urged from below without the express consent of the accused, after proper advice.

12 MJ at 435–36 (citations and footnotes omitted).

We mandated these procedures "to guarantee that no accused would be left with the belief that his lawyer had not raised an issue which he wished to have considered." *United States v. Healy*, 26 MJ 394, 397 (CMA 1988). We have made clear that "our rationale relied on Articles 66 and 70 of the Uniform Code, 10 USC §§ 866 and 870, respectively—rather than the Constitution—as the basis for the obligation imposed upon military appellate defense counsel." *United States v. Arroyo*, 17 MJ 224, 226 (CMA 1984).

■ When appellant asserted his innocence and told CPT O that he was unfairly convicted on the basis of contradictory evidence, and CPT O failed to call appellant's assertions to the attention of the Court of Military Review, she violated the *Grostefon* mandate. The Court of Military Review, with its unique factfinding power, is an appellant's last chance to persuade a factfinding court to give him the benefit of the doubt when the evidence is in conflict.

■ When an appellant alleges that his trial defense counsel was ineffective, we often cannot determine the merits of such an allegation unless it has been fully investigated below. *United States v. McGillis*, 27 MJ 462 (CMA 1988). The Army Court of Military Review has prescribed procedures to investigate and resolve allegations of ineffective assistance of counsel. Those procedures include "afford[ing] appellant the opportunity to make his assertions in the form of an affidavit and, if that be appellant's wish, assist him in doing so, pointing out to appellant that he is not required to submit an affidavit but doing so may add credence to his allegations." *United States v. Burdine*, 29 MJ 834, 837 (1989). CPT O's notation, "need affidavit w/specific issue," may well reflect CPT O's attempt to comply with *Burdine*. Her notation, "he said forget it—go ahead & file," may reflect appellant's declination to submit an affidavit.

■ Whether appellant told CPT O not to raise the issue is unclear. Whether appellant and CPT O decided not to waive the attorney-client privilege by attacking the competence of trial defense counsel is equally unclear. While we have been presented with what appears to be CPT O's case notes, we have no affidavit or testimony from CPT O.

We find ourselves once again in the *McGillis* situation—called upon to decide an issue without enough facts. As we did in *McGillis*, we must remand the case for further factual inquiry. Upon remand the Court of Military Review will permit appellate defense counsel to assert any issues identified by appellant and such other issues as appellate counsel deem appropriate. If the issue of effective representation at the trial level is raised, that court will take such action as is necessary to resolve the issue.

The decision of the United States Army Court of Military Review is set aside. The record of trial is returned to the Judge

Advocate General of the Army for remand to that court for further proceedings consistent with this opinion. Thereafter, Article 67(a)(3), UCMJ, 10 USC § 867(a)(3) (1989), shall apply.

Chief Judge SULLIVAN and Judges COX, CRAWFORD, and WISS concur.