UNITED STATES, Appellee,

v.

Private First Class Clement MILLER,
527–97–0751, United States Army,
Appellant.

ACMR 9003145.

U.S. Army Court of Military Review.

20 Oct. 1992.

For Appellant: Captain Robin N. Swope,
JAGC, Captain Robert L. Carey, JAGC (on
brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A.
Russelburg, JAGC, Captain Donna L. Barlett, JAGC (on brief). Major Joseph C.
Swetnam, JAGC.

Before De GIULIO, ARKOW, and
WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT ON REMAND

PER CURIAM:

The record of trial in this case has been remanded to us by the Court of Military Appeals to consider allegations raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), that his trial defense counsel was ineffective. *United States v. Miller*, 36 M.J. 68 (C.M.A. 1992) (order), *rev'g* 33 M.J. 1070 (A.C.M.R. 1991). Noting that "appellant has raised several matters which, if true, constitute a sufficient basis for a post-trial inquiry into the effectiveness of appellant's representation at trial," that Court directed we secure an affidavit from appellant's counsel to resolve the matter. Pursuant to that direction we received and considered affidavits from appellant and his trial defense counsel. *See United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989).

We thoroughly discussed the facts of the case when we initially reviewed this case and affirmed appellant's conviction. *United States v. Miller*, 33 M.J. 1070 (A.C.M.R. 1991). Although not discussed in our earlier opinion, we considered the effectiveness of trial defense counsel and concluded that he provided effective representation of appellant.

With the benefit of the affidavits provided the Court from appellant and his trial defense counsel on the issue, we have reconsidered the issue, applying the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We again conclude that counsel's performance was adequate and reaffirm our earlier decision.[1]

In a supplemental assignment of error appellant alleges that he was prejudiced by the failure of the convening authority to consider clemency matters submitted pursuant to Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 1105 and 1106(f). This matter was not raised by appellant in his prior appeal to this Court. From our examination of the record of

---

1. After having considered the conflicts between appellant's affidavits and trial defense counsel's affidavit we find that the latter's affidavit is more credible.

trial, to include the allied papers, we are satisfied that these matters were submitted to and considered by the convening authority. In a memorandum to the convening authority, the Staff Judge Advocate referred to these matters in detail and attached them to the memorandum. The memorandum is dated prior to the action by the convening authority. Absent a showing to the contrary, we will presume regularity and conclude the convening authority considered the matters submitted to him. *See United States v. Hallums*, 26 M.J. 838 (A.C.M.R.1988).

For the reasons set forth in this opinion and in this Court's opinion, *United States v. Miller*, 33 M.J. 1070 (A.C.M.R.1991), the findings of guilty and the sentence are affirmed.