UNITED STATES, Appellant

v.

Bennie C. MELSON, Staff Sergeant
U.S. Air Force, Appellee

No. 08-5003

Crim. App. No. 36523

United States Court of Appeals for the Armed Forces

Argued March 12, 2008

Decided May 30, 2008

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and BAKER, J., joined.  STUCKY, J., filed a
separate dissenting opinion, in which RYAN, J., joined.

Counsel

For Appellant:  Major Donna S. Rueppell (argued); Colonel Gerald
R. Bruce and Major Matthew S. Ward (on brief).

For Appellee:  Captain Griffin S. Dunham (argued); Lieutenant
Colonel Mark R. Strickland (on brief).

Military Judge:  Ronald A. Gregory


**This opinion is subject to revision before final publication**.

United States v. Melson, No. 08-5003/AF

Judge ERDMANN delivered the opinion of the court.

Applying the principles set forth in United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997), the United States Air Force Court of Criminal Appeals concluded that Staff Sergeant Benny C. Melson's defense counsel was ineffective for failing to raise a claim of illegal pretrial punishment at trial under Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000). United States v. Melson, No. ACM 36523, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6 (A.F. Ct. Crim. App. Sept. 14, 2007) (unpublished). As a result of that determination, the Court of Criminal Appeals awarded Melson 142 days of credit for illegal pretrial confinement. Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *6. The Government moved for reconsideration and for leave to file an affidavit from trial defense counsel that addressed Melson's claims of ineffective assistance of counsel. The Court of Criminal Appeals denied both motions.

The Government subsequently certified two questions to this court pursuant to Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2000):

I.  WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN FINDING TRIAL DEFENSE COUNSEL INEFFECTIVE.

II. WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN REJECTING TRIAL DEFENSE COUNSEL'S AFFIDAVIT AS UNTIMELY.

65 M.J. 471 (C.A.A.F. 2007).

United States v. Melson, No. 08-5003/AF

When an accused raises allegations of ineffective assistance of counsel, trial defense counsel is not "compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence." United States v. Lewis, 42 M.J. 1, 6 (C.A.A.F. 1995). Here, while the lower court found that the presumption of competence was overcome, it did not subsequently provide the Government an opportunity to submit a statement or affidavit from Melson's defense counsel to rebut the allegations. We hold that this was error and answer the second certified question in the affirmative.

We decline to address the first certified question as to whether defense counsel's actions constituted ineffective assistance of counsel. Rather, we remand that issue for reconsideration by the Court of Criminal Appeals and direct that the lower court take into consideration the defense counsel's affidavit and resolve the case in a manner consistent with Ginn, 47 M.J. 236, and United v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), as applicable.

## Background

Melson was convicted by a military judge of wrongful use of cocaine, assault, bigamy, possession of drug paraphernalia,

attempted voluntary manslaughter, signing a false official statement, and disorderly conduct. The adjudged and approved sentence included a dishonorable discharge, confinement for twelve years, and reduction to E-1.

At trial the military judge asked defense counsel if there was "any issue of any Article 13 illegal pretrial punishment." Defense counsel answered in the negative. During post-trial clemency submissions, Melson's personal statement requested that the convening authority take into consideration certain conditions at the county jails where he was confined before trial.[1] Noting that the county jails "do not compare to the military confinement facilities," trial defense counsel informed the convening authority that Melson "discusses in his letter to you the differences in an attempt to explain why he should receive more than one-for-one credit for the time he served in those facilities."

On appeal to the Court of Criminal Appeals, Melson alleged, among other things, that his trial defense counsel was ineffective for failing to raise a claim of illegal pretrial

---

[1] In particular, Melson complained that he did not have access to a law library or a way to contact his attorney in confidence, that he was deprived of recreation time, housed with convicted prisoners, and made to wear prison stripes in confinement and while on base. Melson's clemency submission also stated that he was not issued any clothing including socks and underwear, that his medical treatment was delayed, that he was forced to use the restroom in an open bay, and that he was forced to bathe in a sink in an open bay.

confinement under Article 13, UCMJ.  In support of this allegation, Melson submitted his own declaration asserting that he endured the following conditions while in pretrial confinement:  harassment by a guard; subjected to extreme temperatures; denied access to legal resources; required to remain in prisoner clothes when taken to appointments on base; and not given access to a doctor for his back pain.  Melson also asserted that he told defense counsel about these conditions the first time that he talked to her.  According to Melson's declaration, defense counsel informed him that nothing could be done about the conditions.

In response, the Government argued that there was nothing in the record to substantiate Melson's allegations.  The Government suggested that a reasonable explanation as to why defense counsel did not assert an Article 13, UCMJ, claim at trial was that Melson exaggerated or fabricated the conditions during clemency in an attempt to shorten his sentence.  The Government also argued that even if the conditions that Melson described in his clemency request were true, the conditions would not amount to illegal pretrial punishment.  The Government did not, however, initially file an affidavit from the trial defense counsel with the Court of Criminal Appeals to rebut Melson's assertions.

Relying on Ginn, the Court of Criminal Appeals decided the issue on the basis of Melson's declaration. Melson, 2007 CCA LEXIS 372, at *12-*19, 2007 WL 2791708, at *5-*6. The lower court concluded that the conditions of Melson's pretrial confinement were unduly rigorous, that additional credit may be given for illegal pretrial confinement, that trial defense counsel's "failure to raise illegal pretrial punishment appears to be a lapse in performance," that the lapse prevented Melson from receiving additional credit against the adjudged sentence, and that he was prejudiced by the deficiency. Melson, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6. The lower court awarded Melson 142 days of credit for illegal pretrial confinement.[2] Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *6.

The Government asked the Court of Criminal Appeals to reconsider its decision and also moved for leave to file a declaration by defense counsel that addressed the allegations of ineffective assistance. The Court of Criminal Appeals denied both motions, noting that the Government "did not oppose the appellant's initial affidavit when submitted to this

---

[2] In considering an unrelated issue, the Court of Criminal Appeals also set aside the charge for signing a false official record and its sole specification and reassessed the sentence, disapproving confinement in excess of eleven years and four months. Melson, 2007 CCA LEXIS 372, at *19, 2007 WL 2791708, at *7.

Court and appell[ee] submitted nothing to contradict the assertions made in the affidavit despite having the opportunity to do so prior to our resolution of the case." The lower court determined that the opportunity to submit the declaration was forfeited and denied the motion to submit as untimely.

## Discussion

The initial question before us is whether the Court of Criminal Appeals erred when it resolved the ineffective assistance of counsel claim in Melson's favor without ordering or considering an affidavit from trial defense counsel.

The Government argues that trial defense counsel was not required to submit an affidavit that defended her actions until the Court of Criminal Appeals reviewed the allegation of ineffective assistance of counsel and determined that the presumption of counsel's competence was overcome, citing Lewis, 42 M.J. 1, and United States v. Grigoruk, 52 M.J. 312 (C.A.A.F. 2000). According to the Government, the Court of Criminal Appeals acted contrary to the procedure established in those cases by resolving the case in Melson's favor before obtaining the trial defense counsel's rebuttal.

In response, Melson argues that the Court of Criminal Appeals' approach was appropriate under Ginn, 47 M.J. at 248, which allows the court to accept as uncontroverted a fact that is unopposed by the Government. According to Melson, the

Government relied on its argument that Melson's declaration was insufficient to meet his burden and the Court of Criminal Appeals should not be placed in the position of telling the Government how to perfect its case.  Melson implies that Grigoruk and Lewis are inapplicable to this case, arguing that the "context of Grigoruk and Lewis is limiting a Court of Criminal Appeals from compelling a trial defense [counsel] from acting, and not about requiring them to obtain such an affidavit as a predicate to finding ineffectiveness."

As this case involves the relationship and interaction among Lewis, Ginn and Grigoruk, it is helpful to review those cases in sequential order.  In Lewis, decided in 1995, we considered a procedure set out by the United States Army Court of Military Review in United States v. Burdine, 29 M.J. 834, 837 (A.C.M.R. 1989), which required government counsel to contact trial defense counsel and provide an affidavit any time an ineffective assistance of counsel claim was raised.  Lewis, 42 M.J. at 5-6.  We rejected that procedure, stating:

> Because an allegation of ineffectiveness of counsel waives the attorney-client privilege as to matters reasonably related to that allegation, trial defense counsel may choose to voluntarily respond to the allegation.  In our view, however, trial defense counsel should not be compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.  Only after the court has

8

United States v. Melson, No. 08-5003/AF

> made such a determination should trial defense counsel be compelled to justify their actions. To the extent that <u>Burdine</u> requires a response from defense counsel without a judicial determination that such actions are necessary, we reject <u>Burdine</u>.

<u>Id.</u> at 6 (citation omitted).

In 1996 and 1997, this court revisited this area in <u>United States v. Ginn</u> (<u>Ginn I</u>), 43 M.J. 471 (C.A.A.F. 1996) (summary disposition), and <u>United States v. Ginn</u> (<u>Ginn II</u>), 47 M.J. 236.[3] On appeal Ginn alleged ineffective assistance of counsel on the grounds that his defense attorney had coerced him to plead guilty. <u>See</u> <u>Ginn II</u>, 47 M.J. at 241 (detailing the procedural background of <u>Ginn I</u>). The lower court initially found the ineffective assistance of counsel claim meritorious based on Ginn's affidavit and set aside the conviction because the "'Government did not deign to obtain a rebuttal affidavit from trial defense counsel.'" <u>Id.</u> at 240 (quoting the lower court's unpublished decision dated July 13, 1994). Subsequently the lower court reconsidered its decision at the request of the government and reversed itself. <u>Id.</u> In the initial appeal to

---

[3] <u>Ginn II</u> established the now familiar principles as to when a court of criminal appeals has authority to resolve post-trial issues framed by post-trial affidavits without ordering a factfinding hearing under <u>United States v. DuBay</u>, 17 C.M.A. 147, 37 C.M.R. 411 (1967). 47 M.J. at 248. That decision was preceded by <u>Ginn I</u> in which this court initially remanded the case to the Court of Criminal Appeals for further consideration and directed its subsequent return to this court for additional review. 43 M.J. at 472.

this court, we set aside the decision of the lower court in a

summary order, noting:

> We believe that our decision in United States v. Lewis, 42
> M.J. 1, 6 (1995), requires that such an allegation be
> specifically rebutted before the validity of appellant's
> assertions can be evaluated. . . . The court should obtain
> evidence from defense counsel, by affidavit, testimony, or
> stipulation, as deemed appropriate by that court . . . .

Ginn I, 43 M.J. at 472.

After obtaining and considering evidence, the lower court

determined that the defense counsel was not ineffective. Ginn

II, 47 M.J. at 241. The case then returned to this court for

further review. In 1997 we issued Ginn II in which we

determined that while the lower court's ruling on remand had

improperly resolved disputed factual issues on the basis of

conflicting affidavits, the error was harmless based on a lack

of prejudice. Nevertheless, we noted:

> Our conclusion today does not undermine our earlier
> decision to remand this case to the Court of Criminal
> Appeals to secure responses from defense counsel and
> trial counsel. That action was accomplished in the
> interests of justice, in particular, because of the
> serious nature of the attorney misconduct and fraud on
> the court alleged by appellant. . . .

Id. at 246 n.6.

We more recently addressed this area in 2000 in Grigoruk,

where we reaffirmed our commitment to the procedure set out in

Lewis. 52 M.J. at 315. In Grigoruk the accused alleged that

trial defense counsel provided ineffective assistance in three

specific ways. Id. at 314-15. The accused had filed his own

affidavit in support of his claims with the court below, but the record did not include an affidavit from defense counsel in response.  Id.  at 314.  The Court of Criminal Appeals summarily denied the ineffective assistance of counsel claims.  Id. at 313.  On appeal to this court, we held that two of Grigoruk's claims could be rejected without further inquiry but one of the allegations "met the Lewis threshold for compelling defense counsel to explain his actions."  Id. at 315.  We remanded the case to the lower court with these instructions:

> [The] court will request an affidavit from defense counsel explaining why [an expert] in child psychology was not called to challenge [the alleged victim's] credibility.  The court will obtain additional evidence if necessary, conduct further factfinding in a manner consistent with United States v. Ginn, 47 M.J. 236 (1997), and then reconsider appellant's claim of ineffective representation.

Id. at 315-16.

Melson is correct in noting that Lewis arose in the context of whether and when the courts of criminal appeals can compel a defense counsel to file an affidavit addressing claims of ineffective assistance.  Nevertheless, as the Government suggests, Lewis and Grigoruk set forth a process directing how the lower courts must address ineffective assistance of counsel claims which are supported by an appellant's affidavit but where there is no corresponding affidavit from the defense counsel. The appellate court must first consider whether "the allegation and the record contain evidence which, if unrebutted, would

11

overcome the presumption of competence." Lewis, 42 M.J. at 6. If this threshold is met, the appellate court then must compel the defense counsel to explain his actions. Grigoruk, 52 M.J. at 315-16; see also United States v. Clark, 49 M.J. 98, 100-01 (C.A.A.F. 1998).

Here, after considering Melson's allegations of ineffective assistance of counsel, the record of trial, and the Government's response, the Court of Criminal Appeals concluded that "failure to raise illegal pretrial punishment appears to be a lapse in performance." Melson, 2007 CCA LEXIS 372, at *18, 2007 WL 2791708, at *6. Under Lewis and Grigoruk, at this point in appellate proceedings, the Court of Criminal Appeals was required to order a response from the trial defense counsel as to the allegations. Because the Court of Criminal Appeals resolved the case in Melson's favor without directing defense counsel to answer the allegations, the lower court committed error.

Contrary to Melson's argument, Ginn II does not justify the lower court's resolution of the ineffective assistance of counsel claim in this case. Ginn II allows the Court of Criminal Appeals to rely on uncontroverted facts presented by affidavit on appeal, but it does not remove the procedural protections afforded to trial defense counsel in Lewis and reaffirmed in Grigoruk. On the contrary, Ginn II, which focused

United States v. Melson, No. 08-5003/AF

on factfinding in the context of conflicting affidavits, acknowledged these protections. See supra at 9-11.

Although we find error, we recognize that it is not uncommon for the government to respond to ineffective assistance of counsel allegations by submitting an affidavit from defense counsel before the Court of Criminal Appeals orders such action. Indeed, Government counsel acknowledged this practice during oral argument. We do not seek to change this practice. When colorable claims of ineffective assistance of counsel are raised on appeal, in those cases where the government can obtain an affidavit from trial defense counsel, the government should continue to endeavor to complete the appellate record promptly and avoid any undue delay. Nevertheless, where the Court of Criminal Appeals finds that allegations of ineffective assistance and the record contain evidence which, if unrebutted, would overcome the presumption of competence and there is no affidavit from defense counsel in the record addressing those allegations, that court is required to obtain a response from trial defense counsel in order to properly evaluate the allegations.

## Decision

The decision of the United States Air Force Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the

13

United States v. Melson, No. 08-5003/AF

court below.  That court will reconsider Melson's claims of ineffective assistance of counsel in a manner consistent with this decision, United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997), and United v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411 (1967), as applicable.  Thereafter, Article 67(a), UCMJ, 10 U.S.C. § 867(a) (2000), will apply.

United States v. Melson, No. 08-5003/AF

STUCKY, Judge, with whom RYAN, Judge, joins (dissenting):

The majority holds that the United States Air Force Court of Criminal Appeals erred by failing to sua sponte order the trial defense counsel to submit an affidavit answering Appellee's claims of ineffective assistance of counsel and remands to the lower court to reconsider in light of the defense counsel's affidavit that was untimely filed by the Government. In my opinion, the Air Force Court had no duty to sua sponte order the affidavit, the Government failed to timely file trial defense counsel's affidavit, and the majority extends this Court's narrow holdings in United States v. Lewis, 42 M.J. 1 (C.A.A.F. 1995), and United States v. Grigoruk, 52 M.J. 312 (C.A.A.F. 2000), beyond their original intent.  Therefore, I dissent.

I.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set out a two-pronged test to determine whether a conviction should be set aside due to ineffective assistance of counsel.  Id. at 687.  First, Appellee must show that his counsel's performance was deficient; second, he must show that the deficient performance prejudiced the defense.  Id.  He must identify specific acts or omissions by his attorney and then persuade the court that, based upon the facts as trial defense counsel knew them and eliminating the benefit of hindsight,

those "acts or omissions were outside the wide range of professionally competent assistance."  Id. at 690.  Appellee must show by a reasonable probability –– or, a "probability sufficient to undermine confidence in the outcome" –– that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.

Counsel is presumed to be competent until proven otherwise. Id. at 689; United States v. Gibson, 46 M.J. 77, 78 (C.A.A.F. 1997).  In United States v. Polk, 32 M.J. 150 (C.M.A. 1991), this Court adopted a three-pronged test to determine if allegations of ineffective assistance had overcome the presumption of competence:  (1) are the allegations true, and, if so, is there any reasonable explanation for counsel's actions?; (2) if the allegations are true, did counsel's performance fall measurably below expected standards?; and (3) is there a reasonable probability that, absent the errors, there would have been a different outcome?  Id. at 153.

On this record, Appellee's unrebutted factual allegations overcome the presumption of competence.  Since the Air Force Court could have found ineffective assistance of counsel using the principles announced in United States v. Ginn, 47 M.J. 236 (C.A.A.F. 1997), I would affirm the Air Force Court's decision.

In a post-trial affidavit, Appellee alleged a series of circumstances that, if true, amounted to unduly rigorous

2

conditions violative of Article 13, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 813 (2000). Appellee alleges he informed his defense counsel of these conditions, but the defense counsel never inquired further and told Appellee that "'there wasn't anything that could be done about it.'" United States v. Melson, No. ACM 36523, 2007 CCA LEXIS 372, at *13, 2007 WL 2791708, at *4 (A.F. Ct. Crim. App. Sept. 14, 2007) (unpublished). When the military judge asked if Appellee had been subjected to any illegal pretrial punishment, the defense counsel responded in the negative. Id. at *13, 2007 WL 2791708, at *4. Instead of rebutting Appellee's affidavit with an affidavit from trial defense counsel, the Government simply argued that Appellee's allegations were unsubstantiated, insufficient to constitute illegal pretrial confinement,[1] and incredible. Under these circumstances, the Air Force Court properly conducted its analysis under Ginn.

Ginn permits, under certain conditions, a court of criminal appeals to resolve an ineffective assistance of counsel claim without requiring an evidentiary hearing. Ginn, 47 M.J. at 248. For example, an evidentiary hearing is not necessary "if the affidavit is factually adequate on its face to state a claim of

---

[1] While Appellee alleged illegal pretrial confinement, the Air Force Court appropriately recognized the claim as one of illegal pretrial punishment.

legal error and the Government either does not contest the relevant facts or offers an affidavit that expressly agrees with those facts, the court can proceed to decide the legal issue on the basis of the uncontroverted facts." Id. I would follow the Air Force Court in accepting Appellee's claims based on this principle. Though the Government technically responded to the facts in Appellee's affidavit, it did so without any factual allegations of its own, electing merely to state that Appellee was not credible. The lower court correctly noted that Government counsel's personal lack of trust in Appellee's allegations is no basis for rejecting the claims without more. Melson, 2007 CCA LEXIS 372, at *17, 2007 WL 2791708, at *6. Indeed, the Government's failure to counter the facts as alleged by Appellee renders those allegations into uncontroverted facts upon which the Air Force Court, and this Court, could adequately make an unlawful pretrial punishment determination.

Based on the record, and following applicable precedent, the Air Force Court correctly found that Appellee met his burden to present evidence supporting his claim of illegal pretrial punishment. Appellee did not, as the Government alleges, make conclusory or merely speculative statements that he suffered intentional harassment, humiliation, and harm. Instead, he detailed the specifics of his ordeal. If those allegations of fact were insufficient, the Government's decision to respond

4

only with argument rather than with countervailing facts rendered Appellee's rendition of the facts uncontroverted. While review of ineffective assistance of counsel claims is de novo, these allegations are to be treated as true unless the record demonstrates they are clearly erroneous. United States v. Paxton, 64 M.J. 484, 488 (C.A.A.F. 2007) (citing United States v. Davis, 60 M.J. 469, 473 (C.A.A.F. 2005)). Nothing in the record suggests that Appellee's statements are clearly erroneous. Thus, the Air Force Court correctly decided this case based on Appellee's declaration by applying the holding in Ginn, 47 M.J. at 248.

## II.

The majority of this Court also extends Lewis and Grigoruk far beyond their holdings and requires the lower court to sua sponte order an affidavit from trial defense counsel when the Government has neither requested such an order nor indicated that it would be necessary or helpful.

In Lewis, as the majority notes, Melson, __ M.J. __ (9) (C.A.A.F. 2008), this Court recognized that claims of ineffective assistance of counsel waived the attorney-client privilege and, therefore, permitted the counsel to voluntarily respond to the allegation. But we refused to countenance a lower court's order of an affidavit from the counsel "until a court of competent jurisdiction reviews the allegation of

5

ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence." Lewis, 42 M.J. at 6.

In Grigoruk, the Army Court of Criminal Appeals denied the appellant's claim of ineffective assistance of counsel without the benefit of an affidavit from trial defense counsel. 52 M.J. at 315. This Court determined that the appellant had met the threshold for ordering further inquiry -- an affidavit from the trial defense counsel -- so we remanded to the lower court to get an affidavit from the trial defense counsel. Id.

This case is neither Lewis nor Grigoruk. The majority stretches the Court's opinions in those cases and asserts that the Air Force Court "did not subsequently provide the Government an opportunity to submit a statement or affidavit from Melson's defense counsel to rebut the allegations." Melson, __ M.J. __ (3).

Neither Lewis nor Grigoruk imposes a duty on a court to sua sponte order an affidavit when the government has neither sought a voluntary one from the trial defense counsel nor requested such an order from a court. Similarly, these cases do not require a Court of Criminal Appeals to reconsider its decision based on an affidavit submitted after the fact. They stand for a more subtle proposition: If a defense counsel declines to

6

submit an affidavit to the appellate government counsel who is trying to rebut an ineffective assistance of counsel claim, the appellate government counsel may seek the affidavit via a court order.  The court should not order the affidavit, however, unless it first determines that the appellant's claims and the record, if unrebutted, would overcome the presumption of competence.  This requirement is imposed because of our reluctance to intrude on the attorney-client relationship when it is unnecessary to resolve the case.  See Lewis, 42 M.J. at 6.

Furthermore, contrary to the majority's view, I conclude that the Air Force Court did not deny the Government the opportunity to seek or move the admission of the trial defense counsel's affidavit.  The Government had the opportunity to request an affidavit from the trial defense counsel without benefit of a court order -- as it frequently does, and eventually did in this case -- but it chose not to do so, or at least move its admission, until the Air Force Court ruled against it.  There was no requirement or need for the Air Force Court to order the affidavit, and the majority gives the Government a windfall for not timely seeking and moving the admission of the affidavit.  It places on the Courts of Criminal Appeals the burden of gathering evidence that rightly belongs on the Government, and rewards Government negligence.  While I do not wish to unjustly stigmatize a trial defense counsel with the

7

label "ineffective," the Government failed to timely submit her affidavit.  The Government's request for reconsideration failed to satisfy the Air Force Court's rules, which require:

> (1)  A material legal or factual matter was overlooked or misapplied in the decision;
>
> (2)  A change in the law occurred after the case was submitted and was overlooked or misapplied by the Court; or
>
> (3)  The decision conflicts with a decision of the Supreme Court of the United States, the United States Court of Appeals for the Armed Forces, another service Court of Criminal Appeals, or this Court.
>
> (4)  New information is received which raises a substantial issue as to the mental responsibility of the accused at the time of the offense or the accused's mental capacity to stand trial.

United States Air Force Court of Criminal Appeals Rules of Practice and Procedure, Rule 19.1(b) (Sept. 1, 2000) (as amended through Mar. 5, 2007).

The Air Force Court of Criminal Appeals correctly handled this case, and we should affirm its decision to grant additional confinement credit of 142 days.