UNITED STATES, Appellee,

v.

Staff Sergeant Terry L. JONES, 278–62–5259, United States Army, Appellant.

ACMR 9201677.

U.S. Army Court of Military Review.

4 Feb. 1994.

---

For Appellant: Captain Michael E. Smith, JAGC, Captain Christopher W. Royer, JAGC (on brief); Captain Michael A. Egan, JAGC.

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Thomas E. Booth, JAGC, USAR, Major Kenneth T. Grant, JAGC, Captain R.W. Clark, JAGC (on brief).

Before WERNER, LANE, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of three specifications of violating a lawful general regulation and one specification of obstructing justice, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1. In the exercise of his clemency powers, the convening authority reduced the confinement to twelve months, but otherwise approved the adjudged sentence.

This case is before the court for initial review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.

■ The appellant contends, inter alia, that his civilian trial defense counsel was ineffective in virtually every aspect of his representation. We hold that the appellant's bare allegation is not sufficient to establish a claim of ineffectiveness and, therefore, his assertion of error is without merit.

## I.

Appellate defense counsel presented appellant's generalized assertion in a footnote to his brief:

> Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), SSG Jones personally asserts that his civilian defense counsel, [name omitted], was ineffective as a matter of law in his representation of SSG Jones. In general, SSG Jones contends that [his defense counsel] was defective to SSG Jones' prejudice in virtually every aspect of his advocacy. His interviews, questioning and communication with the witnesses, both prosecution and defense, was below requisite competency levels. His arguments, objections, and omissions were less than marginal and actually damaged SSG Jones case. Furthermore, his off-the-record communications and dealings with SSG Jones were unprofessional and not demonstrative of a capable attorney. Appellate Defense Counsel hereby inform this Honorable Court that they have complied with *United States v. Burdine*, 29 M.J. 834 (A.C.M.R.1989), and SSG Jones will be submitting an affidavit in support of this pleading, which will be filed with the Court upon receipt.

Although the footnote states that appellate counsel have complied with *United States v. Burdine*, and promises that appellant's affidavit in support of his claim would be forthcoming, no affidavit materialized. The pleadings were referred to government appellate counsel without further elaboration, and without tangible evidence of a knowing and voluntary waiver of the attorney-client privilege. Government appellate counsel, noting that appellant's generalized allegations were not ripe for review, moved this court to order

appellate defense counsel to comply with the specificity requirements of *Burdine* by obtaining appellant's affidavit. This court denied government appellate counsel's motion whereupon they, pursuant to *United States v. Burdine* and A.C.M.R. R. 15.3 [1], requested that the trial defense counsel respond to appellant's allegations by affidavit. In response to the government's request, the civilian trial defense counsel denied the general allegations, but declined to respond further, pointing out that he could not make an intelligent, specific response without a more particularized statement of professional error. Based on trial defense counsel's response, government appellate counsel again moved the court to order appellate defense counsel to comply with *United States v. Burdine,* and we again denied the motion. Appellant has since informed the court that he will not be submitting an affidavit in support of his claim and that he will not be pursuing the issue further. However, he has not withdrawn the issue from appellate consideration.

## II.

■ There is a strong presumption in law, set out by the United States Supreme Court, that trial defense counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord United States v. Scott,* 24 M.J. 186 (C.M.A.1987); *United States v. Dumas,* 36 M.J. 941 (A.C.M.R.1993). To overcome this strong presumption and thereby establish a claim of ineffective assistance, the appellant bears a heavy burden. A.C.M.R. R. 15.3; *United States v. Burdine,* 29 M.J. 834; *United States v. Crum,* 38 M.J. 663 (A.C.M.R.1993).

Despite great effort to have opposing counsel comply with Rule 15.3(d), government appellate counsel were left with a highly generalized claim devoid of substantiating facts. It was obvious that neither the government nor this court needed an affidavit from the trial defense counsel in order to fairly litigate this case. Moreover, without the requisite specificity and substantiation, it was also foreseeable that the trial defense counsel would be unable to provide a helpful response. Simply put, the appellant presented no justification for additional factfinding in this case. To assist other government appellate counsel who may feel compelled by the general language of Rule 15.3(d) to solicit affidavits from trial defense counsel in all cases, we feel obligated to more fully interpret those procedural guidelines.

## III.

■ An appellant's generalized allegation of ineffectiveness made pursuant to *United States v. Grostefon* triggers the duty for appellate defense counsel to fashion a pleading that complies with the Rule. That means to ascertain the exact manner in which appellant believes that trial defense counsel was ineffective, to advise appellant that his claim relieves his trial defense team of the duty of confidentiality to the extent of the allegations, and to encourage the submission of sworn affidavits in support of the claim. A.C.M.R. R. 15.3; *United States v. Burdine,* 29 M.J. 834. Rule 15.3 and *United States v. Burdine* also have within their rational ambit a requirement for defense appellate counsel to advise appellants of their heavy burden for establishing a claim of ineffectiveness under applicable case law, and, if they then desire to proceed with such a claim, 1) to clearly articulate the claim with enough specificity to enable government appellate counsel and this court to sensibly evaluate it, and 2) marshal and present the most reliable factual basis available for the claim.

■ To help in obtaining the specificity necessary to sensibly evaluate the merit of appellant's allegations, appellate defense counsel may have the trial defense counsel answer reasonable questions, and may have reasonable access to trial defense files concerning the representation of appellant. *United States v. Dupas,* 14 M.J. 28 (C.M.A.

1. Rule 15.3(d) provides, in pertinent part:
    In any event, the appellee's answer [to appellant's allegation of ineffective assistance of counsel, pursuant to *Grostefon* ] will include a sworn statement from counsel complained of, or a statement that counsel has declined to respond.

1982). Finally, to reach the minimum level of substantiation necessary to establish a claim, appellate defense counsel should follow up on leads provided by the appellant, and gather firsthand testimony and other reliable supporting evidence[2]. *See United States v. Crum,* 38 M.J. 663.

■ After these procedural and evidentiary prerequisites have been complied with[3], government appellate counsel may then conduct their assessment of whether the defense presentation is sufficient to overcome the presumption of effective assistance, thereby establishing a claim and shifting the burden to the government. Obviously, some presentations alleging ineffective assistance of counsel may be addressed by government appellate counsel without resort to additional detailed factfinding. *See United States v. Tyler,* 34 M.J. 293 (C.M.A.1992); *United States v. McGillis,* 27 M.J. 462 (C.M.A.1988) (Mem. Op. and Order); *United States v. Lewis,* 38 M.J. 501 (A.C.M.R.1993). For example, if the appellant's claim is patently frivolous or foolish, not adequately substantiated, or if it can be clearly resolved from merely considering the record, a premature affidavit would be of no real assistance to appellate reviewers. Rule 15.3(d) does not require government appellate counsel to obtain a responding affidavit from trial defense counsel in such cases. However, the Rule does require that government appellate counsel at least contact the trial defense counsel, give notice of the precise nature of the allegation[4], and justify to the court why they believe that an affidavit is not necessary[5].

## IV.

In the case at bar, the narrow issue we must decide is whether the appellant has come forward with sufficient facts to establish a claim of ineffective assistance of counsel. We think not.

The government has clearly demonstrated that the appellant has not substantiated with any specific facts his conclusory assertions that counsel's conduct was "defective ... in virtually every aspect of his advocacy", "below requisite competency levels" or "less than marginal". These bare assertions are so highly generalized that they do not make out any particular and articulable breach of a professional norm. Moreover, it would be impossible for reviewing counsel to place these bare allegations in meaningful context within the record, or to sensibly assess them for merit or potential for prejudice. Finally, the allegations are not the particularized type from which the trial defense counsel

2. An appellant's complete affidavit may be enough to establish a claim of ineffective assistance of counsel, if it reflects matters solely within the appellant's knowledge or facts that cannot be more reliably obtained elsewhere.

3. In cases like this, where appellant is unwilling or unable to provide sufficient specificity or reliable substantiation, the appellate defense counsel may wish to consider placing more elaboration in the appellate record describing the reasons for the paucity of evidence and their efforts to obtain greater specificity or reliability. In the absence of any explanation, opposing counsel and this court may assume that appellate defense counsel has presented the claim as specifically as possible and that all of the reliable substantiation within the resources of the defense has been made available.

4. Such contact serves notice to trial defense counsel to preserve pertinent records should a need for them later develop, and provides an opportunity for counsel to bring appropriate matters to the court's attention if they wish to do so. However, it cannot be said that there is a legal or ethical obligation for trial defense counsel to respond to every allegation of ineffective assistance. That obligation is grounded on necessity; it arises only when the appellant has established a claim of ineffective assistance and the response of trial defense counsel is necessary to assist the court in deciding the issue. In cases where an affidavit is necessary and trial defense counsel is unwilling to voluntarily provide a sufficiently detailed sworn response, this court may order its production. *United States v. Lewis,* 38 M.J. 501.

5. This restrained application of the rule recognizes that no good purpose is served by intruding into the appellant's privileged communications if such an intrusion is not necessary to resolve the case. Courts have been quick to point out that an appellant's decision to challenge their lawyer's effectiveness implicitly waives the attorney-client privilege, thereby opening formerly confidential communications to public scrutiny. *See, generally United States v. Dupas,* 14 M.J. 28. Though justice may ultimately require such disclosure, the privilege should be protected until it is necessary to pierce it.

might reasonably be expected to fashion a response helpful to this court.

We have considered the appellant's other assertion of error and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge WERNER and Judge LANE, concur.