UNITED STATES, Appellee,

v.

Private First Class Harold G. SIT-TINGBEAR, 505–90–3649, United States Army, Appellant.

ARMY 9400553.

U.S. Army Court of Criminal Appeals.

9 Aug. 1995.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Richard E. Burns, JAGC (on brief).

For Appellee: Colonel John M. Smith, JAGC, Major Lyle D. Jentzer, JAGC, Captain Anthony P. Nicastro, JAGC, Captain Eugene E. Baime, JAGC (on brief).

Before CAIRNS, TOOMEY, and RUSSELL, Appellate Military Judges.

## OPINION OF THE COURT

RUSSELL, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of possession and use of marijuana, possession and use of cocaine, distribution of marijuana and cocaine, and introduction of marijuana and cocaine onto a military installation in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. The convening authority approved the adjudged sentence consisting of a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to Private E1.

This case is before the court for automatic review pursuant to Article 66, UCMJ, 10 U.S.C. § 866. We have examined the record of trial, the assignment of error, the error personally asserted by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and the government's reply thereto. We find no error affecting the appellant's substantial rights. However, discussion is warranted regarding the appellant's assertion that his counsel was ineffective during the sentencing phase of the trial because, according to the appellant, she failed to call eight sentencing witnesses.

### Background

The record discloses that the trial defense counsel presented a credible sentencing case. After submitting documentary evidence from the appellant's parents, the trial defense counsel obtained a recess presumably to discuss sentencing matters with the appellant before he took the stand to make an unsworn statement. Thereafter, the appellant testified about his personal background, growing up on an Indian reservation, and his drug problem. The appellant said nothing about his duty performance during the unsworn statement.

Pursuant to Rules for Courts–Martial 1105 and 1106, the trial defense counsel submitted an excellent clemency petition to the convening authority which included a letter from the appellant and impressive letters of support from nine hometown community leaders. In his letter to the convening authority, the

appellant did not address his duty performance. There were no letters or statements from military personnel submitted to the convening authority.

The appellant, in an affidavit submitted pursuant to *Grostefon,* asserts the eight witnesses that were not called would have testified about his good military record and performance. He further implies that his trial defense counsel did not call them because she said there was not enough time.

Although the allied papers of the record of trial contain a list of eight sentencing witnesses submitted by the trial defense counsel prior to trial, it does not contain a synopsis of their expected testimony. Moreover, the appellant's submission pursuant to *Grostefon,* does not detail the substance of the expected testimony of these eight potential witnesses.

### Law

■ The appellant's defense counsel enjoys a strong presumption in law that she has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987).

■ Whether counsel was ineffective is a mixed question of law and fact, reviewable de novo on appeal. *Strickland,* 466 U.S. at 695, 104 S.Ct. at 2068–69. The appellant has the heavy burden of overcoming the presumption of effectiveness. His allegation must clearly explain the exact manner in which the trial defense counsel was ineffective so that the government and this court may sensibly evaluate it. *United States v. Jones,* 39 M.J. 815, 817 (A.C.M.R), *pet. denied,* 41 M.J. 74 (C.M.A.1994); *United States v. Crum,* 38 M.J. 663 (A.C.M.R.1993), *pet. granted,* 40 M.J. 58 (C.M.A.1994). Then, the appellant must present enough credible evidence, which, when considered together with the evidence contained in the entire appellate record, establishes that: (1) counsel's performance was not objectively reasonable under prevailing professional norms; and, (2) there is a reasonable probability that, because of counsel's unprofessional error, the resultant

finding or sentence was fundamentally unfair or unreliable.

■■■ If this court determines that the appellant's allegation and the record together do not contain enough reliable evidence to overcome the presumption of effectiveness, the issue may be disposed of without intruding further into the attorney-client relationship by ordering evidence from the trial defense counsel. *See United States v. Lewis,* 42 M.J. 1, 6 (1995); *United States v. Jones,* 39 M.J. at 818, n. 5. On the other hand, if this court determines that the appellant's showing and the record together contain enough reliable evidence which, if unrebutted, would overcome the presumption of competence, the trial defense counsel may be compelled to justify her actions by providing whatever additional evidence is available to her. *Lewis,* 42 M.J. at 6. Ultimately, the benchmark must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064; *United States v. Murray,* 42 M.J. 174 (1995); *see also Lockhart v. Fretwell,* —— U.S. ——, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

### Discussion

■■■ Applying the *Lewis* standard to the appellant's threshold claim of ineffective assistance, we are satisfied that the claim and the entire record do not contain enough reliable evidence to overcome the presumption of competence. The appellant has made nothing more than a bare allegation of ineffectiveness. He has presented no affidavits or summaries of expected testimony of the eight witnesses he complains were not called in his behalf. We will not speculate concerning what the missing testimony might have been, or what may have motivated the trial defense counsel not to call the witnesses. On this basis, we certainly will not intrude into the attorney-client relationship by requiring an affidavit from the trial defense counsel. Nor can we conclude the appellant carried his burden to overcome the presumption of competence to which his trial defense counsel is entitled. *See United States v. Ingham,* 42 M.J. 218, 224, 229 (1995).

The findings of guilty and the sentence are affirmed.

Senior Judge CAIRNS and Judge TOOMEY concur.