UNITED STATES, Appellee,

v.

Specialist Matthew M. CLARK,
243–43–8021 United States
Army, Appellant.

ARMY 9501018.

U.S. Army Court of Criminal Appeals.

10 Feb. 1997.

614

For Appellant: Captain Thomas Jay Barrett, JA (argued); Lieutenant Colonel Michael L. Walters, JA; Captain Richard E. Burns, JA (on brief); Major Leslie A. Nepper, JA.

For Appellee: Captain Thomas N. Auble, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Virginia G. Beakes, JA (on brief).

Before EDWARDS, KAPLAN, and GONZALES, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge:

Contrary to his pleas, the appellant was found guilty, by a panel of officer and enlisted members sitting as a general court-martial, of drunken and reckless operation of a vehicle and negligent homicide,[1] in violation of Articles 111 and 134, UCMJ, 10 U.S.C. §§ 911 and 934 (1988). The convening authority approved the adjudged sentence consisting of a dishonorable discharge, confinement for three years, and forfeiture of all pay and allowances.

Before this court the appellant asserts that he was denied the effective assistance of counsel at his court-martial. The appellant alleges that his civilian and military defense counsel either separately or jointly committed three errors, only one of which warrants discussion.[2] This error is based on the contention that both counsel failed to introduce clearly exculpatory evidence from Mr. Ed Livesay, a certified accident reconstruction expert. The appellant submitted only the accident reconstruction report prepared by Mr. Livesay as supporting evidence to this aspect of his assignment of error.[3] We disagree and affirm.

---

1. The appellant was charged with involuntary manslaughter in violation of Article 119, Uniform Code of Military Justice [hereinafter UCMJ].

2. Besides the assigned error discussed herein, the appellant also asserts that his civilian defense counsel conceded guilt of negligent homicide in his closing argument on findings and that both his civilian and military defense counsel failed to conduct a meaningful *voir dire* of two panel members who had brothers killed in separate automobile accidents thirty-one and twelve years, respectively, before trial. As to the former, we find that the trial defense counsel did not concede guilt of negligent homicide. As to the latter, we find that the *voir dire* was sufficient to indicate that both panel members were mentally free to render an impartial finding and sentence based on the law and the evidence.

3. Due to the subsequent reassignment of the military trial defense counsel after trial, another military trial defense counsel was appointed and was the sole attorney representing the appellant for posttrial matters. His submission on behalf of the appellant to the convening authority included

At approximately 0540 hours on 17 March 1995, the appellant was driving to work at Fort Bragg, North Carolina, while his blood alcohol concentration was estimated to be between 0.16 and 0.17 grams of alcohol per 100 milliliters of blood. This estimation was based on a verified blood alcohol concentration of 0.14 taken at approximately 0710 hours. There was testimony and photographic evidence that the appellant was driving at an excessive rate of speed. A witness, who was driving her vehicle behind the appellant's, also observed the appellant's vehicle go completely off and to the right side of the roadway, striking Specialist (SPC) Roger McLean, who was participating in a unit road march. Tire skid marks indicated that the appellant's vehicle returned to the roadway before once again going off the roadway to the right and coming to a complete stop. Blood stains indicated that SPC McLean's body also landed on the roadway then rolled off to the right. Specialist McLean died approximately twenty minutes after being hit. Based on the physical evidence he observed at the scene, a military traffic accident investigator corroborated the eye witness' account that both the appellant's vehicle and SPC McLean were off the road at the time of impact.

The defense's theory at trial was that the appellant was neither impaired by alcohol [4] nor negligent at the time of the incident. The first theory relied on the premise that the appellant's behavior and reactions at the scene were all within the normal range and not indications of alcohol impairment. The latter theory depended most heavily on the premise that SPC McLean was walking on the road in an attempt to cross it and was not off the road at the time of impact as the government's evidence indicated. The accident reconstruction report provided Mr. Livesay's "observation" that SPC McLean was on the roadway when he was struck by the appellant's vehicle. This "observation" was based on the premise that both the appellant's vehicle and the victim's body traveled in a straight line from the time of impact (on the road) until both came to a complete stop (off the road).

■ A military accused has a constitutional and statutory right to the effective assistance of counsel at trial, and this includes the right to the effective assistance of counsel who carefully investigates the facts and circumstances which gave rise to the criminal charges, the marshaling of evidence favorable to the accused, and the rendering of competent and informed advice to his client with respect to the evidence and available options. *United States v. Palenius,* 2 M.J. 86, 90 (C.M.A.1977).

■ A trial defense counsel enjoys a strong presumption in law that he rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Scott,* 24 M.J. 186 (C.M.A.1987). Whether an appellant was prejudiced by ineffective representation is a mixed question of law and fact, reviewable de novo on appeal. *Strickland,* 466 U.S. at 698, 104 S.Ct. at 2070.

■ In order to prevail on such a claim on appeal, the appellant has the very heavy burden of overcoming the presumption of effectiveness. *United States v. Crum,* 38 M.J. 663, 666 (A.C.M.R.1993), *aff'd,* 43 M.J. 230 (1995). His allegation must clearly explain the exact manner in which the trial defense counsel was ineffective so that the government and this court may sensibly evaluate it. *United States v. Jones,* 39 M.J. 815, 817 (A.C.M.R.), *pet. denied,* 41 M.J. 74 (C.M.A.1994).

Mr. Livesay's report without a concomitant allegation that the appellant's trial defense counsel were ineffective in failing to call Mr. Livesay as a witness.

4. Although the trial defense counsel associated "impaired" with intoxication by alcohol when this case was tried, the President's Executive Order 12960, effective 10 June 1995, followed the statutory language of Article 111, UCMJ, and defined "impaired" as a term to be used in relation to intoxication by a substance described in Article 112a, UCMJ, and the term "drunk" to be used in relation to intoxication by alcohol. Manual for Courts–Martial, United States, (1995 edition), Part IV, para. 35c(6).

Then, the appellant must present enough credible evidence, which, when considered together with the evidence contained in the entire appellate record, establishes two elements:

First, the [appellant] must show that the counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. Second, the [appellant] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [appellant] of a fair trial, a trial whose result is reliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *United States v. Ingham,* 42 M.J. 218, 223 (1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 745, 133 L.Ed.2d 693 (1996).

■ The test of counsel's performance is not that he lost; and, it is not that some number of options were not pursued or could have been pursued differently. *Ingham,* 42 M.J. at 229. The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063–64; *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

■ If this court determines that the presumption of effectiveness has not been overcome by the appellant's showing, the issue may be disposed of without intruding into the attorney-client relationship by requiring rebuttal affidavits from trial defense counsel. *See United States v. Lewis,* 42 M.J. 1, 6 (1995); *Jones,* 39 M.J. at 818, n. 5.; *United States v. Sittingbear,* 42 M.J. 750, 752

(Army Ct.Crim.App.1995). On the other hand, if this court determines that the appellant's showing and the record together contain enough reliable evidence which, if unrebutted, would overcome the presumption of competence, the trial defense counsel may be compelled to justify his actions. *See Lewis,* 42 M.J. at 6.

■ In conducting our review, we will not second-guess tactical decisions made at trial by the defense counsel. *United States v. Morgan,* 37 M.J. 407, 410 (C.M.A.1993). In weighing such matters, we must give deference to counsel's tactical judgment and not substitute our view with the benefit of hindsight. *United States v. Bono,* 26 M.J. 240, 242 (C.M.A.1988).

■ Applying the *Lewis* standard to the appellant's threshold claim of ineffectiveness, we are satisfied that the claim and the entire record do not contain enough reliable evidence to overcome the presumption of competence. The appellant did not submit any credible evidence, such as an affidavit from himself and/or Mr. Livesay, that would indicate that his trial defense counsel failed to (1) confer with Mr. Livesay, (2) evaluate the potential impact of his testimony in light of the strength of the government's case, and (3) consult with the appellant that it was in his best interest not to call Mr. Livesay as a witness.[5] Consequently, the appellant has failed to establish that his trial defense counsel's performance was marred by serious incompetency that affected the trial result.[6] Accordingly, the strong presumption that appellant's counsel rendered professionally competent assistance and made all significant decisions in the exercise of reasonable professional judgment prevails.[7] *Strickland,*

---

**5.** *See* Army Reg. 27–26, Legal Services: Rules of Professional Conduct for Lawyers, Rule 1.2, Scope of Representation (1 May 1992), Army Reg. 27–10, Legal Services: Military Justice, para. 5–8 (24 June 1996), and ABA Standards for Criminal Justice, The Defense Function, Standard 4–5.2, Control and Direction of the Case (2d ed.1980).

**6.** Although Mr. Livesay was not called as a defense witness, the defense was, nevertheless, able to effectively present its premise that SPC Mc-Lean was on the roadway at the time of impact

through its cross-examination of each material government witness. We have reviewed Mr. Livesay's report and concluded that it does not contain "clearly exculpatory" evidence, but only the possibility of favorable evidence that would not have altered the landscape of the trial.

**7.** We expect any assignment of error alleging the ineffective assistance of counsel to (1) clearly explain the exact manner in which trial defense counsel's performance was deficient and how this deficiency prejudiced the appellant, and (2) be supported by credible and reliable evidence in

466 U.S. at 689–700, 104 S.Ct. at 2065–71; *Scott*, 24 M.J. at 188.

We have also considered the appellant's assertions, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), and find that they are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge EDWARDS and Judge KAPLAN concur.

the record or offered as an appellate exhibit. An assignment of error that satisfies only the first condition is itself deficient.