**UNITED STATES**

v.

**Cortrell L. LOWE, 272 72 5015, Lance Corporal (E–3), U.S. Marine Corps.**

**NMCM 98 00196.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 8 Aug. 1997.

Decided 29 April 1999.

---

**13.** We need not address the selective prosecution issue based upon the dispositive nature of the counsel issue.

Maj Dale Anderson, USMC, Appellate Defense Counsel.

Maj Troy D. Taylor, USMC, Appellate Government Counsel.

Before DORMAN, Senior Judge, TROIDL and ROLPH, Appellate Military Judges.

ROLPH, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, contrary to his pleas, of one specification of conspiracy to distribute marijuana, three specifications of distributing marijuana, and possession of marijuana with intent to distribute, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 881 and 912a (1994).[1] The appellant was sentenced to 10 years confinement, total forfeiture of pay and allowances, reduction to E–1, and a dishonorable discharge. The convening authority approved the sentence as adjudged and, except for the dishonorable discharge, ordered it executed.

We have carefully reviewed the record of trial, the appellant's six assignments of error, and the Government's response. Because we find error materially prejudicial to the appel-

---

1. The appellant was found not guilty of one specification of desertion and two other specifications of distribution of marijuana, alleged as violations of Articles 86 and 112a, UCMJ, respectively.

lant's substantial rights, we cannot affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

### Ineffective Assistance of Counsel

The appellant asserts that his civilian trial defense counsel, Mr. David R. Dowell, was ineffective in failing to submit any clemency matters on behalf of the appellant to the convening authority. Appellant's Brief of 28 August 1998 at 9. We find merit in his claim, and conclude that this error materially prejudiced the substantial rights of the appellant. Art. 59(a), UCMJ.

As a general rule, trial defense counsel enjoys a strong presumption in law that he was competent, rendered adequate assistance at trial, and made all significant decisions in the exercise of reasonable professional judgment. *United States v. Scott,* 24 M.J. 186, 188 (C.M.A.1987); *United States v. Mahler,* 49 M.J. 558, 562 (N.M.Ct.Crim. App.1998); *United States v. Clark,* 45 M.J. 613, 615 (Army Ct.Crim.App.1997). Thus, appellant bears a very heavy burden in overcoming the presumption of effectiveness and demonstrating: (1) that his counsel's performance was so deficient that he was not functioning as "counsel" within the meaning of the Sixth Amendment, and (2) that his counsel's deficient performance prejudiced the defense; that is, counsel's performance rendered the results of the trial unreliable or the trial itself fundamentally unfair. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). *See United States v. Ingham,* 42 M.J. 218, 223 (1995).

The analysis of an ineffective assistance of counsel claim may not be premised solely upon an outcome determination, but must instead examine whether the results of the proceeding were fundamentally unfair or unreliable. *United States v. Murphy,* 36 M.J. 1137, 1146 (A.C.M.R.1993). The test of counsel's performance is not that he lost; and, it is not that some number of options were not pursued or could have been pursued differently. The benchmark for judging any

claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Clark,* 45 M.J. at 616 (citing *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052).

Further, counsel's performance is judged upon the reasonableness of the counsel's perspective at the time of the alleged deficiency. *United States v. Brothers,* 30 M.J. 289, 291 (C.M.A.1990); *Mahler,* 49 M.J. at 563; *Scott,* 24 M.J. at 188. Whether an appellant was prejudiced by ineffective assistance of counsel is a mixed question of law and fact, reviewable *de novo* on appeal. *Strickland,* 466 U.S. at 698, 104 S.Ct. 2052.

The appellant complains that Mr. Dowell was ineffective in his post-trial representation for failing to submit any clemency matters in his behalf to the convening authority. Appellant's Brief of 28 Aug 1998 at 12.[2] In an affidavit submitted by the detailed military counsel (who was relieved from all post-trial responsibilities in the case), it is asserted that the appellant desired to submit matters in clemency, and that Mr. Dowell negligently failed to do so. Mr. Dowell ostensibly admitted his failure in this regard to the detailed defense counsel, and commented, "I really dropped the ball on this one, didn't I?" Appellant's Motion to Attach of 28 Aug 1998, Affidavit of Capt L.L. Burridge, USMC, of 22 June 1998 at 2. The appellant contends that:

> I was never approached by my civilian counsel about my opportunity to submit clemency matters to the Convening Authority for him to consider before taking action in my case.
>
> If given the opportunity, I would have submitted numerous items including a personal statement, character statements from relatives, friends, and supervisors, performance evaluations, and possibly other documents.

Appellant's Motion to Attach of 29 January 1999, Affidavit of Appellant.

We continue to believe that an accused's best chance for post-trial clemency lies in the

---

2. The appellant elected on the record to have his copy of the record of trial and the staff judge advocate's recommendation (SJAR) in his case served upon Mr. Dowell. Record at 237.

hands of the convening authority. *United States v. Wilson,* 9 U.S.C.M.A. 223, 226, 26 C.M.R. 3, 6, 1958 WL 3280 (1958). That is especially true in contested cases where pretrial agreement practice is completely bypassed. *See United States v. Wheelus,* 49 M.J. 283, 287 (1998). The appellant in this case was deprived of his "best chance" for clemency due to the inexplicable failure of Mr. Dowell to submit any clemency matters in his behalf. Because of this serious and unexplained deficiency in Mr. Dowell's post-trial representation, the appellant was improperly deprived of the opportunity to make his best case to the convening authority for clemency. We believe Mr. Dowell's post-trial representation of the appellant was ineffective.

 To prevail on a claim of ineffective assistance of counsel, the appellant must additionally show that Mr. Dowell's deficient performance prejudiced his case. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. In light of the unrebutted representations of Captain Burridge and the appellant, we find it difficult to brush aside this omission as "harmless." We believe no appellant should be totally deprived of the opportunity to make their "best case" before the convening authority. *See United States v. Siders,* 15 M.J. 272, 274 n. 3 (C.M.A.1983). In this case, we will not speculate on what the convening authority would have done if he had been presented with the clemency information the appellant desired to submit. The appellant has made a "colorable showing of possible prejudice," and he will receive the benefit of our doubt where it is clear that his post-trial representation was nonexistent. *See United States v. Catalani,* 46 M.J. 325, 327 (1997). Where defense counsel fail to exercise due diligence in the execution of their post-trial duties, this court is obligated to take appropriate action. *See Wheelus,* 49 M.J. at 288–89; *United States v. DeGrocco,* 23 M.J. 146, 148 n. 4 (citing *United States v. Palenius,* 2 M.J. 86 (C.M.A.1977)). We will provide relief in our decretal paragraph.

## Conclusion

Accordingly, we return this record of trial to the Judge Advocate General of the Navy so that he may transmit it to the original or other appropriate convening authority for a new action.

Senior Judge DORMAN and Judge TROIDL concur.