UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, TOZZI and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E2 CHRISTOPHER B. GRIER
 United States Army, Appellant

 ARMY 20070943

 Headquarters, 1st Cavalry Division
 Julie Hasdorff, Military Judge
 Lieutenant Colonel Walter S. Weedman, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Teresa Raymond, JA; Captain Alison Gregoire,
JA (on brief); Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Captain Alison Gregoire, JA (on reply brief).

For Appellee: Colonel Denise R. Lind, JA; Captain Philip M. Staten, JA;
Captain Sarah J. Rykowski, JA (on brief)

 27 February 2009

 -----------------------------------------
 SUMMARY DISPOSITION
 -----------------------------------------

Per Curiam:

 A military judge sitting as a special court-martial empowered to
adjudge a bad-conduct discharge convicted appellant, pursuant to his pleas,
of distribution of controlled substances on divers occasions (two
specifications) and use of a controlled substance, in violation of Article
112a, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, [hereinafter
UCMJ]. The convening authority approved the adjudged sentence to a bad-
conduct discharge, confinement for two months, and reduction to the grade
of Private E1. This case is before us for review under Article 66, UCMJ.

 Appellant alleges he suffered prejudicial error because no clemency
matters were received by the convening authority prior to initial action.
We agree and order a new recommendation and action to ensure a meaningful
opportunity for sentence relief; we do so without deciding whether trial
defense counsel was ineffective. See generally United States v. Spurlin,
33 M.J. 443 (C.M.A. 1991); United States v. Starks, 36 M.J. 1160 (A.C.M.R.
1993); United States v. Sosebee, 35 M.J. 892 (A.C.M.R. 1992).

 BACKGROUND

 Appellant’s trial defense counsel, MAJ HR, received the Staff Judge
Advocate’s (SJA) Recommendation (SJAR) in this case on 29 October 2007.
Between that date and 25 November 2007, defense counsel and members of the
Office of the Staff Judge Advocate (OSJA) exchanged numerous emails about
the need to submit post-trial matters. On 25 November 2007, defense
counsel requested a 20-day delay to submit matters. Although not entirely
clear from the record, it appears that the convening authority granted a
delay until 28 December 2007.

 On 28 December 2007, the Chief of Military Justice notified defense
counsel that the record was going forward to the convening authority for
action; however, the record was not actually forwarded to the convening
authority until 28 January 2008. Even though final action was not taken
until 13 February 2008, it is clear from the record that the convening
authority did so without considering any Rule for Courts-Martial (R.C.M.)
1105 or 1106 submissions by the trial defense counsel or appellant. On
appeal, defense appellate counsel included matters submitted by appellant
pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982). In
those matters appellant indicated, inter alia, that he was never contacted
about submitting clemency matters, and that had he been given the
opportunity he would have submitted statements from himself and family
members.[1] This was followed later with a declaration under penalty of
perjury stating that he would have included a letter written on his own
behalf expressing remorse and requesting disapproval of the bad-conduct
discharge. He also declared that he would have included letters from his
wife, family, friends, church members, and First Sergeant.

 LAW AND DISCUSSION

 Our superior court has often noted an accused’s best chance for
clemency rests with the convening authority. See United States v. Wheelus,
49 M.J. 283, 287 (C.A.A.F. 1998); United States v. MacCulloch, 40 M.J. 236,
239 (C.M.A. 1994). Consequently, “the convening authority’s obligation to
consider defense [clemency] submissions is uniquely critical to an
accused.” United States v. Hamilton, 47 M.J. 32, 35 (C.A.A.F. 1997). If
the convening authority “has not seen a convicted member’s clemency
submission, it is well established that he has not been afforded his best
hope for sentence relief.” Spurlin, 33 M.J. at 445 (quotation marks and
citations omitted); see also Sosebee, 35 M.J. at 894. In this case,
appellant desired to submit clemency matters to the convening authority;
however, the convening authority was not provided with those matters prior
to taking action.

 We are cognizant of an SJA’s dilemma when trial defense counsel does
not comply with the time limits for submission of clemency matters. We
also recognize recent developments in military jurisprudence have spurred
concern over excessive delay in post-trial processing. See generally
United States v. Moreno, 63 M.J. 129 (C.A.A.F. 2006). In this case, we
commend the patience demonstrated by the SJA and the efforts of the OSJA to
obtain appellant’s clemency matters. The SJA apparently made every attempt
to follow our suggestion in Sosebee, to be “prudent” in enforcing time
limits. 35 M.J. at 894.[2] Indeed, appellant’s trial defense counsel had
ample opportunity after expiration of the extended deadline to submit
clemency matters before the SJA finally took appellant’s case to the
convening authority for action.[3]

 Concern for judicial economy persuades us to grant appropriate relief
now. It is not lost on this court that appellant willingly accepted the
prospect of an adjudged bad-conduct discharge rather than face lengthy
confinement. However, finding no prejudice is a very high bar we are
unable to reach here. In this case we will not speculate what the
convening authority would have done if presented with the clemency
information the appellant desired to submit. When defense counsel fail “to
exercise due diligence in the execution of their post-trial duties, this
court is obligated to take appropriate action.” United States v. Lowe, 50
M.J. 654, 657 (N.M. Ct. Crim. App. 1999) (citations omitted). “Appellant
has made a colorable showing of possible prejudice, and he will receive the
benefit of our doubt where it is clear that his post-trial representation
was [deficient].” Id. (quotation marks and citation omitted).

 CONCLUSION

 We remand this case for a new SJAR and action. This remedy will
afford appellant the requested opportunity to submit clemency matters to
the convening authority.

 The convening authority’s initial action, dated 13 February 2008, is
set aside. The record of trial is returned to The Judge Advocate General
for a new SJAR and a new initial action by the same or a different
convening authority in accordance with Article 60(c)-(e), UCMJ.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court

-----------------------
[1] We find appellant’s other matters submitted under Grostefon to be
without merit.
[2] We also noted in Sosebee, “[a] trial defense counsel who allows thirty
days to pass without submitting post-trial matters risks the application of
the waiver rule or an allegation of ineffective assistance of counsel.”
Id. at 894.

[3] The Rules for Court-Martial provide for procedures where an accused’s
detailed defense counsel is unable or unwilling to provide effective post-
trial representation. See R.C.M. 1106(f)(2); see also United States v.
Johnston, 51 M.J. 227, 229 (C.A.A.F. 1999) (substitute counsel should have
been detailed when defense counsel left active duty). Additionally, a SJA
may properly contact a defense counsel’s designated supervisory attorney
when a credible basis exists to believe counsel may be failing to represent
a client diligently. See generally Army Reg. 27-1, Legal Services: Judge
Advocate Legal Services, ch. 7 (30 Sept. 1996); Army Reg. 27-10, Legal
Services – Military Justice, para. 5-8, 6-11 (16 November 2005).