# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
Appellate Military Judges

## UNITED STATES OF AMERICA

v.

## ANTHONY D. MCCALL
## SERGEANT (E-5), U.S. MARINE CORPS

## NMCCA 201200461
## SPECIAL COURT-MARTIAL

**Sentence Adjudged**: 12 December 2013.
**Military Judge**: Maj N.A. Martz, USMC.
**Convening Authority**: Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation**: Maj J.N. Nelson, USMC.
**For Appellant**: CAPT Tierney Carlos, JAGC, USN.
**For Appellee**: Capt Cory A. Carver, USMC.

**28 October 2014**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.

PER CURIAM:

On 27 June 2012, a military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of 15 specifications of wrongful possession of a controlled substance in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The military judge sentenced the appellant to confinement for two years, reduction to pay grade E-1, and a dishonorable discharge. The convening authority (CA) approved the adjudged sentence. Pursuant to a pretrial

agreement, the CA suspended all confinement in excess of 180 days.

On 30 May 2013, a panel of this court set aside the findings and sentence, finding the appellant did not receive the benefit of a term in the pretrial agreement pertaining to forfeitures, and authorized a retrial. *United States v. McCall*, No. 201200461, 2013 CCA LEXIS 471 (N.M.Ct.Crim.App. 30 May 2013).

At a rehearing on 12 December 2013, a military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of the same 15 specifications of wrongful possession of a controlled substance in violation of Article 112a, UCMJ. The military judge sentenced the appellant to confinement for 180 days, hard labor without confinement for 15 days, reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to a new pretrial agreement, the CA disapproved the hard labor without confinement, but approved the remainder of the sentence.

The appellant now assigns two errors: (1) the appellant was denied effective assistance of counsel when his defense counsel failed to submit clemency matters; and (2) the bad-conduct discharge is inappropriately severe.

After careful consideration of the record and the briefs of the parties, we find merit in the first assignment of error and grant relief in our decretal paragraph. Arts. 59(a) and 66(c), UCMJ. Because we resolve the first assignment of error in favor of the appellant, we decline to address the second.

**Background**

In an unsworn declaration submitted under penalty of perjury, the appellant states that he and his trial defense counsel (TDC) discussed submitting clemency matters after the rehearing. The appellant asserts he "was very interested in trying to get the convening authority to disapprove the bad-conduct discharge" and was "under the impression" after this discussion that his TDC was going to submit matters consistent with this goal. Appellant's Motion to Attach filed on 17 Jul 2014, Appellant's Declaration at 1. He specifically says he had been hired by Dish Network while on appellate leave, had been let go when recalled for the rehearing, but had hoped to be re-hired. He wanted the CA to know before taking action that after

2

the rehearing, he attempted to get his job back at Dish Network, but was not rehired.

In response to the appellant's declaration, we ordered the Government to produce an affidavit from the appellant's TDC. In it, the TDC states he reviewed the post-trial process with the appellant both before and after sentencing. He says:

> I told [the appellant] that we could submit matters in clemency, which would more or less consist of the matters raised in sentencing by the defense. I also relayed that throughout my interactions with the command, I had been told that the referral of the case to a Special rather than General Court-Martial was considered to be ample consideration for the mitigating and extenuating circumstances of the case, and that further reductions in punishment would not be accepted. Based on this, my opinion was that a submission of clemency would not alter the adjudged punishment. [The appellant] consented to my assessment and did not ask that matters in clemency nonetheless be submitted.

Government Response to Court Order filed on 17 Sep 2014, TDC's Affidavit of at 2.

The TDC then went on to identify mistakes he believes he made "without commenting on whether these mistakes constitute ineffective assistance," including: that he failed to have the appellant sign a written acknowledgement regarding a decision not to submit matters; that there was no downside to submitting matters and requesting clemency despite what stances the Government may have taken in pretrial negotiations; and that his judgment may have been wrong—that the additional fact that the appellant tried after the rehearing but failed to return to his former job may have had some impact on the CA. *Id.* at 2-3.

**Discussion**

We review the effectiveness of counsel *de novo*. *United States v. Wiley*, 47 M.J. 158, 159 (C.A.A.F. 1997). An accused has a Sixth Amendment right to effective assistance of counsel, including in preparation and submission of post-trial matters. *United States v. Gilley*, 56 M.J. 113, 124 (C.A.A.F. 2001). TDC enjoys a strong presumption he rendered competent, professional assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *United States v. Lowe*, 50 M.J. 654, 656 (N.M.Ct.Crim.App. 1999).

3

As a general rule, the appellant bears a heavy burden of overcoming this presumption and demonstrating (1) that his counsel's performance was so deficient that he was not functioning as "counsel" within the meaning of the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced the appellant, that is, there is a reasonable probability that but for the unprofessional error, the outcome would have been different. *Strickland*, 466 U.S. at 687, 694.

There is, however, a lower threshold to demonstrate prejudice in claims of *post-trial* ineffective assistance of counsel. In those cases, appellate courts give appellants "the benefit of the doubt" and find material prejudice as long as "there is an error and the appellant makes some colorable showing of possible prejudice." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999) (citations and internal quotation marksomitted).

Courts have long held that submission of matters to the CA is an appellant's "best chance for post-trial clemency." *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998). Still, failure to submit clemency matters is not a *per se* violation of the appellant's right to effective assistance of counsel. *United States v. Cobe*, 41 M.J. 654, 655 (N.M.Ct.Crim.App. 1994). Instead, we have required appellants to specify how counsel's inaction contrasted with their wishes and what additional matters they would have submitted. *United States v. Starling*, 58 M.J. 620, 623 (N.M.Ct.Crim.App. 2003).

Here, the appellant has expressed that he desired his counsel to submit matters and believed he was going to do so. He also specifies what he would have submitted. We do not doubt the TDC's word that he explained the likely futility of submitting matters and that the appellant "consented to [this] assessment" and nonetheless did not expressly ask that matters be submitted. We note, however, that the TDC, in his carefully worded affidavit, falls short of stating that the appellant affirmatively and knowingly waived his right to submit matters. We also agree with the TDC's candid self-assessment that he should have obtained such a waiver in writing. A written acknowledgement would have clearly communicated to the appellant that he was giving up an important right and documented that decision. Under the circumstances of this case, we decline to find the appellant waived his right to submit matters and find error under the first prong of the *Strickland* test.

4

We further find prejudice under the forgiving *Lee* standard. Without speculating how the CA might have exercised his highly discretionary power to grant clemency had the appellant submitted the matters he desired, we give the "benefit of the doubt" to the appellant and find he has made "some colorable showing of possible prejudice." *Lee*, 52 M.J. at 53

**Conclusion**

The CA's action dated 6 March 2014 is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to an appropriate CA for new post-trial processing consistent with this opinion.

For the Court

R.H. TROIDL
Clerk of Court